ADAM REISNER, ESQ., (State Bar No. 204351)
TESSA KING, ESQ., (State Bar No. 251408)
ANI ZARGARYAN, ESQ. (State Bar No. 350797)
**REISNER & KING LLP**
15303 Ventura Blvd., Suite 1260
Sherman Oaks, California 91403
Phone: (818) 981-0901
Fax:   (818) 981-0902

Attorneys for PLAINTIFF **HALLE VAN DE HEY**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALLE VAN DE HEY,<br><br>Plaintiff,<br><br>v.<br><br>EPAM SYSTEMS INC;<br>ERIC BOGNER, an individual;<br>and DOES 1-100, inclusive.<br><br>Defendants.<br>_____ | Case No.: 3:24-cv-08800-RFL<br><br>*[San Francisco Superior Court Case No. CGC-24-619102]*<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' PETITION TO COMPEL ARBITRATION AND TO STAY PROCEEDING**<br><br>*[Filed concurrently with the Declaration of Plaintiff Halle Van De Hey, Declaration of Tessa King, Esq. with Exhibits in Support Thereof, and Plaintiff's Objections to Defendant's Evidence]*<br><br>DATE:    February 11, 2025<br>TIME:    10:00 a.m..<br>DEPT:    Courtroom 15, 18th Floor |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Plaintiff Halle Van De Hey ("Plaintiff" or "Van De Hey") submits her Opposition to Defendant EPAM Systems Inc. and Eric Bogner's (collectively referred to as "Defendants") Petition to Compel Arbitration and to Stay Proceedings.

This Opposition is based upon the accompanying Memorandum of Points and Authorities, the Declaration of Plaintiff, the Declaration of Tessa King, Esq., and Exhibits in Support Thereof, Plaintiff's Objections to Defendant's Evidence in Support of the Motion, all documents in support thereof, the pleadings and records on file herein, and upon such additional evidence and oral argument as may be presented at the hearing of the motion.

0

## **TABLE OF CONTENTS**

I.      INTRODUCTION ...................................................................................1

III.    FACTUAL AND PROCEDURAL BACKGROUND ...................................2

III.    LEGAL ARGUMENT...........................................................................3

    A. Defendants Knowingly Waived Its Right to Arbitrate by Invoking this Federal Court's Jurisdiction and Forum Shopping...................................3

    B. The Purported Arbitration Agreement Violates the Ending Forced Arbitration Act, Rendering It Unenforceable ..........................................4

        1. The EFAA Bars Compelled Arbitration of this Entire Case, Since the Case Contains Sexual Harassment Claims.................................4

        2. Compelling Just Some Claims to Arbitration Risks Conflicting Findings of Fact and Law ...............................................................6

        3. Under the EFAA, Defendant Must First Dismiss the Sexual Harassment and Sexual Assault Claims Prior to Moving to Compel the Case to Arbitration ...................................................................6

    C. There Is No Contact to Arbitrate Between the Parties; The Arbitration Agreement States the Agreement to Arbitrate is Between Plaintiff and EPAM Systems Inc., Not Plaintiff and Defendant Eric Bogner..............7

    D. Armendariz's Requirements Are Mandatory and Defendants' Alleged Arbitration Agreement Does Not Comply with Them…………………8

        1. The Presence of a Repeat Player Demonstrates that an Arbitrator Will Not Be Neutral, But Rather Would be Unfairly Biased In Favor of Defendants………………………………………………….8

        2. The Arbitration Agreement Does Not Allow for Meaningful Discovery…………………………………………………………9

PLAINTIFF'S OPPOSITION TO DEFENDANTS' PETITION TO COMPEL ARBITRATION AND TO STAY PROCEEDING

3.  The Alleged Arbitration Agreement Forces Plaintiff to Pay Costs…………………………………………………………...10

E.  Defendants' Alleged Arbitration Agreement is Unconscionable and Unenforceable…………………………………………………………10

1.  The Alleged Arbitration Agreement is an Adhesion Contract, and Thus, Procedurally Unconscionable……………………………..11

2.  The Alleged Arbitration Agreement Fails As It Does Not Contain an Opt-Out Provision, Further Evidencing the Alleged Arbitration Agreement is Substantively Unconscionable…………………….12

F.  The FAA Does Not Apply to The Alleged Arbitration Agreement; Defendants Do Not Meet Their Burden Showing Plaintiff's Employment Contract Dealt with Interstate Commerce………………13

G.  This Court Should Find the Entire Alleged Arbitration Agreement Unenforceable and Not Sever the Unconscionable Provisions Due to Defendants; Bad Faith Intent to Enforce Provisions Which Run Contrary to the Law…………………………………………………...14

IV.  <u>CONCLUSION</u> ........................................................................16

PLAINTIFF'S OPPOSITION TO DEFENDANTS' PETITION TO COMPEL ARBITRATION AND TO STAY PROCEEDING

## **TABLE OF AUTHORITIES**

**California State Cases**

Kader v. Southern California Medical Center, Inc. (2024) 99 Cal.App.5th 214……...1

Mitchell v. American Fair Credit Ass'n, Inc., (2002) 99 Cal.App.4th 1345, 155-56………………………………………………………………….…...2,7

Armendariz v. Foundation Health Psychcare Services, Inc., (2000) 24 Cal. 4th 83…………………………………………………………..2,8,9,10,14

Berman v. Health Net (2000) 80 Cal.App.4th 1359……………………………..3

Adolf v. Coastal Auto Sales Inc. (2010) 184 Cal.App.4th 1443, 1444…………….3

Kader v. Southern California Medical Center, Inc. (2024) 99 Cal. App. 5th 214…….4

Milner v. TBWA Worldwide, Inc. (C.D.Cal., Oct. 30, 2019, No. CV-19-08174 DSF(AFMx) 2019 WL 5617757…………………………………………………...5

Abaya v. Spanish Ranch I, L.P., (2010) 189 Cal. App. 4th 1490, 1496-1498………...6

Acquire II, Ltd. v. Colton Real Est. Grp., (2013) 213 Cal. App. 4th 959, 979……….6

Titan Group, Inc. v. Sonoma Valley County Sanitation Dist. (1985) 164 Cal. App. 3d 1122, 1128………………………………………………………...7,15

Flores v. Nature's Best Distribution, LLC (2016) 7 Cal. App. 5th 1, 291…………7

Lazarus v. Titmus, (1998) 64 Cal. App. 4th 1242………………………………….8

Matthau v. Superior Court, (2007) 151 Cal. App. 4th 593………………….……8

Baxter v. Genworth North America Corp. (2017) 16 Cal. App. 5th 713, 722…..8,9,10

Fitz v. NCR Corp. (2004) 118 Cal. App. 4th 702, 712-13………………………...8,14

Mercuro v. Superior Court, (2002) 96 Cal. App. 4th 167……………………………9

Murrey v. Superior Ct., (2023) 87 Cal. App. 5th 1223, 1253……………………...9,10

Baltazar v Forever 21, Inc. (2016) 62 Cal. 4th 1237, 1243………………………10

Sonic-Calabasas A, Inc. v Moreno (2013) 57 C4th 1109, 1133………………..10

Pinnacle Museum Tower Ass'n v Pinnacle Mkt. Dev. (US), LLC (2012) 55 Cal.4th 223, 246–247………………………………………………………...10

PLAINTIFF'S OPPOSITION TO DEFENDANTS' PETITION TO COMPEL ARBITRATION AND TO STAY PROCEEDING

OTO, L.L.C. v Kho (2019) 8 Cal. 5th 111, 125–126……………………….…10,11

Pinnacle Museum Tower Ass'n v Pinnacle Mkt. Dev. (US), LLC (2012) 55 Cal.4th 223, 246–247……………………………………………………………………...10

Carmona v Lincoln Millennium Car Wash, Inc. (2014) 226 Cal. 4th 74, 85……..11

Laymon v. J. Rockcliff, Inc. (2017) 12 Cal. 5th 812, 824………………………...11

Magno v The College Network, Inc. (2016) 1 Cal. 5th 277, 286……………...11,12

Ramirez v. Charter Communications, Inc., (2022) 75 Cal.App.5th 365, 373….11,12

Sanchez v. Valencia Holding Co., LLC (2015) 61 Cal. 4th 899, 915…………….11

Alvarez v. Altamed Health Services Corp. (2021) 60 Cal. App. 5th 572, 591…...11

Murphy v. Check 'N' Go of California, Inc. (2007) 156 Cal. App. 4th 138, 144-45……………………………………………………………………………….12

Gentry v. Superior Court (2007) 42 Cal. 4th 443……………………………...12,13

Swain v. LaserAway Medical Group, Inc. (2020) 57 Cal. App. 5th 59, 68-69…………………………………………………………………………12,13

Platt Pacific, Inc. v. Andelson, (1993) 6 Cal. 4th 307, 313………………………13

Carbajal v. CWPSC, Inc. (2016) 245 Cal. App. 4th 227, 234…………………....13

Hoover v. American Income Life Ins. Co. (2012) 206 Cal. App. 4th 1193, 1207-1208………………………………………………………………………….…13

Abramson, 115 Cal. App. 4th at 667………………………………………...15

Domestic Linen Supply Co., Inc. v. LJT Flowers, Inc. (2020) 58 Cal. App. 5th 180. 185………………………………………………………………………...15

**Federal Cases**

Seneca Ins. Co., Inc. v. Strange Land, Inc. 862 F3D 835, 846 (9th Cir. 2017)…..1,3

Johnson v. Everyrealm, Inc., (S.D.N.Y. 2023) 657 F.Supp.3d 535, 561…………..…..4

Oncale v. Sundowner Offshore Services, Inc. 118 S.Ct. 998, 1003 (1997)…………...4

Yost v. Everyrealm, Inc., (S.D.N.Y. 2023) 657 F. Supp. 3d 563, 587………………..6

PLAINTIFF'S OPPOSITION TO DEFENDANTS' PETITION TO COMPEL ARBITRATION AND TO STAY PROCEEDING

Turner v. Tesla, Inc., (N.D. Cal. 2023), 686 F. Supp. 3d 917, 925…………………6,7

Perry v. Thomas (1987) 482 U.S. 483, 492……………………………………...…8

Davis v. O'Melveny & Myers (9th Cir. 2007) 485 F.3d 1066, 1072……………..10

Circuit City Stores, Inc. v. Adams (9th Cir. 2002) 279 F.3d 889, 892……………10

Stolt-Nielsen S.A. v. AnimalFeeds International Corp., (2010) 559 U.S. 662…...13

Rent-A-Center West, Inc. v. Jackson (2010) 561 US 63, 67……………………...13

Rogers v. Royal Caribbean Cruise Line (9th Cir. 2008) 547 F.3d 1148, 1153-1154……………………………………………………………………………13

**Statutes**

9 U.S.C.A. 4f02(a)…………………………………………………………1,4,13

CCP § 1281.2(a)……………………………………………………………….3,8

C.C.P. § 1281.2(c)……………………………………………………………….7

v

## I.   INTRODUCTION

Defendants come before this court asking Plaintiff to be stripped of her fundamental right to a jury trial based on the alleged arbitration agreement, when Defendants waived their right to arbitrate, **arbitration of this case is precluded by the federal Ending Forced Arbitration Act ("EFAA") and the purported arbitration agreement is both procedurally and substantively unconscionable.** As such, Defendants' Motion to Compel Arbitration **should be denied** for the following reasons:

Defendants knowingly waived their right to Arbitrate by submitting to this federal Court's jurisdiction and engaging in litigation afforded in Federal Court. Defendants waived their right to arbitrate by engaging in "forum shopping" and filing a notice of removal from State Court to Federal Court. (King Decl. ₱ 2). When evaluating forum shopping, courts consider whether the party improperly sought more favorable rules or pursued suit in a new forum after facing setbacks in the original proceeding. Seneca Ins. Co., Inc. v. Strange Land, Inc. 862 F3D 835, 846 (9th Cir. 2017). Here, Defendants acted in bad faith and engaged in forum shopping and removing the matter from State Court to Federal Court, knowing the case does not belong in federal court. (King Decl. ₱ 3).  This improper conduct constitutes forum shopping, as Defendants believed they would get a better ruling in their arbitration motion in federal court than state court. (Id).

Further, the instant matter cannot be compelled to arbitration pursuant to The Ending Force Arbitration Act ("EFAA"). The EFAA, codified at 9 U.S.C.A. 4f02(a) clearly precludes this case from being compelled into arbitration pursuant to Kader v. Southern California Medical Center, Inc. (2024) 99 Cal.App.5th 214. Kader is single most on point case in California on this issue. The EFAA was enacted on March 3, 2022, and applies to all cases with a sexual harassment claim where a "dispute arises" or a "claim accrues" after that date. Id. at 688. As a female in a male dominated field, Plaintiff endured years of sexual harassment at EPAM, including by being denied equal pay and by comments being said throughout her employment on a severe and pervasive basis. (Plaintiff Decl. ₱ 7).

Additionally, the purported agreement also fails because there is no contract to arbitrate between Plaintiff and Defendant Bogner, as Defendant Bogner is not a party to the alleged

1

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' PETITION TO COMPEL ARBITRATION AND TO STAY PROCEEDING**

agreement. Indeed, the alleged arbitration agreement was between Plaintiff and Defendant EPAM, *not* Defendant Bogner. **Nowhere in the agreement does it mention Defendant Bogner.** When evaluating an arbitration agreement, the Court must look to the ordinary contract law of the state. <u>Mitchell v. American Fair Credit Ass'n, Inc.</u>, (2002) 99 Cal.App.4th 1345, 155-56. Here, Plaintiff could not have reasonably understood that the purported agreement applied to herself and Defendant Bogner.

Defendant EPAM's purported agreement is also unenforceable because it violates <u>Armendariz</u>. <u>Armendariz v. Foundation Health Psychcare Services, Inc.</u>, (2000) 24 Cal. 4th 83. Here, the purported agreement violates *at least three* out of five of the Armendariz requirements, as it does not allow for a neutral arbitrator, does not allow for adequate discovery, and forced Plaintiff to pay additional costs. The agreement was also both procedurally and substantively unconscionable because it is an adhesion contract, and it contained no opt-out provision.

As such, this court should find the entire agreement unenforceable and deny Defendants' baseless motion.

## II.   <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

This is an employment litigation lawsuit where Plaintiff, Halle Van De Hey, worked as an Entry-Level Product Designer for EPAM Systems Inc. until her wrongful termination on or around November 16, 2023. Throughout Plaintiff's entire employment at EPAM, Plaintiff experienced disparate treatment due to her sex/gender by being paid a significantly lower salary and denied opportunities than her equal male counterpart. Further, Plaintiff was also continuously harassed, discriminated, and retaliated against as a result of her sex/gender, for discussing her salary compensation in the workplace, and for retaining an attorney to address her salary disparity.

Plaintiff filed a complaint in San Francisco County Superior Court on October 23, 2024, alleging: (1-3) sex/gender harassment, discrimination, and retaliation in violation of the Fair Employment and Housing Act ("FEHA"); (4) failure to prevent and investigate harassment, discrimination, or retaliation; (5) unequal pay; (6) equal pay act retaliation; (7) retaliation and wrongful termination in violation of public policy; (8) violation of the right to seek and obtain legal counsel; (9) failure to provide wage and hour statements. Then on November 6, 2024,

2

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' PETITION TO COMPEL ARBITRATION AND TO STAY PROCEEDING**

Defendants improperly filed a notice of removal to federal court. Plaintiff filed a motion to remand the case back to state court, where it belongs, on January 3, 2025.

## III.    LEGAL ARGUMENT
### A. Defendants Knowingly Waived Its Right to Arbitrate by Invoking this Federal Court's Jurisdiction and Forum Shopping

Defendants knowingly waived their right to Arbitrate by submitting to this federal Court's jurisdiction and engaging in litigation afforded in Federal Court. The right to compel arbitration may be waived. See CCP § 1281.2(a). Waiver may be found where the party seeking arbitration has (1) previously taken steps inconsistent with an intent to invoke arbitration, (2) unreasonably delayed in seeking arbitration, or (3) acted in bad faith or with willful misconduct. Berman v. Health Net (2000) 80 Cal.App.4th 1359. "A defendant may not use court proceedings for its own purposes, while remaining uncooperative with a plaintiff's efforts to use those same court proceedings, and then, upon failing to achieve defendant's own objectives in court…demand arbitration for the first time." Adolf v. Coastal Auto Sales Inc. (2010) 184 Cal.App.4th 1443, 1444.

Here, Defendants waived their right to arbitrate by engaging in "forum shopping" and filing a notice of removal from State Court to Federal Court. (King Decl. ⸿ 2). When evaluating forum shopping, courts consider whether the party improperly sought more favorable rules or pursued suit in a new forum after facing setbacks in the original proceeding. Seneca Ins. Co., Inc. v. Strange Land, Inc. 862 F3D 835, 846 (9th Cir. 2017). Here, Defendants acted in bad faith and engaged in forum shopping and removing the matter from State Court to Federal Court, knowing the case does not belong in federal court. (King Decl. ⸿ 3).  This improper conduct constitutes forum shopping, as Defendants believed they would get a better ruling in their arbitration motion in federal court than state court. (Id).

Most notably, Defendant EPAM's improper practices are prevalent when Defense Counsel Mel Cole **admitted that the case does not belong in federal court**. (King Decl. ⸿ 4, Ex. A). Specifically, Defense Counsel Mel Cole emailed Plaintiff's Counsel requesting an extension of initial disclosures, stating, "*Given **that neither party believes this case should ultimately be in the Northern District** (as Defendant is seeking arbitration and Plaintiff is*

*seeking a remand), we think a mutual extension of the deadline until the jurisdictional matters are heard would benefit everyone.*" (Id).

As such, Defendants wasted this honorable federal court's time by filing their removal and forcing Plaintiff to file her motion to remand. (King Decl. ⫟ 5). Therefore, Defendants actively abused this federal court's resources by removing Plaintiff's sexual harassment related EFAA claims from State Court, where it belongs, to Federal Court. (Id.) Therefore, Defendant EPAM knowingly waived its right to arbitrate.

**B. The Purported Arbitration Agreement Violates the Ending Forced Arbitration Act, Rendering It Unenforceable.**

The Ending Force Arbitration Act ("EFAA") codified at 9 U.S.C.A. 4f02(a) clearly applies and precludes arbitration of this case pursuant to Kader v. Southern California Medical Center, Inc. (2024) 99 Cal. App. 5th 214. Kader is single most on point case in California on this issue. Enacted on March 3, 2022, the EFAA applies to all cases with a sexual harassment claim where a "dispute arises" or a "claim accrues" after that date. Id. at 688. The EFAA does not distinguish between claims in a case, but clearly precludes compelled arbitration **of the entire case**, so long as it contains any sexual harassment claim. The EFAA, codified at 9 U.S.C.A. § 402(a), states:

> "Notwithstanding any other provision, at the election of the person alleging conduct constituting a sexual harassment dispute or sexual assault dispute… no predispute arbitration agreement… shall be valid or enforceable with respect to a **case** which is filed under Federal, Tribal, or State law and related to the sexual assault dispute or the sexual harassment dispute."

The raw text of § 402(a) precludes compelled arbitration of the entire case, not just some of the claims.

**1. The EFAA Bars Compelled Arbitration of this Entire Case, Since the Case Contains Sexual Harassment Claims.**

The EFAA bars compelling any claim in a case to arbitration if any of the pending claims allege sexual harassment. "Accordingly, the Court holds that, where a claim in a case alleges 'conduct constituting a sexual harassment dispute' as defined, the EFAA… makes pre-dispute arbitration agreements unenforceable **with respect to the entire case.**" Johnson v. Everyrealm,

4

Inc., (S.D.N.Y. 2023) 657 F.Supp.3d 535, 561. The entire case, as opposed to just the sexual harassment claim, must stay in court so long as the sexual harassment claim is pending. Id.

The objective severity of harassment should be judged from the perspective of a reasonable person in the Plaintiff's position, considering "all the circumstances." Oncale v. Sundowner Offshore Services, Inc. 118 S.Ct. 998, 1003 (1997). In harassment cases, this inquiry of severity requires careful consideration of the social context in which particular behavior occurs and is experienced by its target. Id. Indeed, even one instance of harassment can be sufficient to establish a harassment claim under FEHA. See CACI No. 2525; Milner v. TBWA Worldwide, Inc. (C.D.Cal., Oct. 30, 2019, No. CV-19-08174 DSF(AFMx) 2019 WL 5617757.

Here, considering the social context, EPAM is a software engineering and product development company, which is generally known to be a male-dominated field. (Plaintiff Decl. ₱ 3). When Plaintiff first joined EPAM, Plaintiff was part of the Industrial Design team, which included five men and two women. (Plaintiff Decl. ₱ 4). Plaintiff's supervisors throughout her entire employment at EPAM were both men. (Plaintiff Decl. ₱ 5). Of note, in December of 2023, Plaintiff was the *only* female in her team, with her supervisors and colleagues being only men. (Plaintiff Decl. ₱ 6). Being a female in this male dominated field, Plaintiff endured years of sexual harassment at EPAM, including by being denied equal pay and by comments being said throughout her employment on a severe and pervasive basis. (Plaintiff Decl. ₱ 7).

For example, in paragraph 16(r) in the FAC, Plaintiff pled that her project manager, Chris Wilhelm would harass her on a severe and pervasive basis, including by asking, "are you okay? You're not as effusive as normal." (Plaintiff Decl. ₱ 8). Mr. Wilhelm would say words to this effect on multiple occasions, implying that Plaintiff is emotional because she is a woman. (Id.) Further, in paragraph 16(s) of the FAC, Plaintiff pled that product designer Mark Bates also sexually harassed Plaintiff by stating "Asian women have small hands," implying that women were not capable of performing the same tasks as men. (Plaintiff Decl. ₱ 9). Most notably, Defendant Bogner harassed Plaintiff based on her sex/gender for months by admitting that Plaintiff was only denied the same pay as her male counterpart because it was a recruiting error,

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' PETITION TO COMPEL ARBITRATION AND TO STAY PROCEEDING**

but he chose to do nothing about it because he did not want to lose the male candidate (See FAC, paragraph 16(b-h; Plaintiff Decl. ‖ 10).

As such, considering all of the circumstances of Plaintiff's employment, working in such a male-dominated industry as one of the only females, Plaintiff was clearly sexually harassed on a severe and pervasive basis. Therefore, the court must deny Defendants' motion as to all claims, and **none of Plaintiff's claims**, **can be compelled to arbitration** at this time.

## 2. Compelling Just Some Claims to Arbitration Risks Conflicting Findings of Fact and Law.

Requiring two different fact finders, like the court and a separate arbitrator, to make factual and legal findings creates a substantial risk of conflicting findings that would make this case simply unworkable and unresolvable. Trial courts have discretion to refuse to compel arbitration of some claims when doing so involves the possibility of conflicting rulings on common issues of law or fact. "The trial court here properly concluded that the action involved common issues of law and fact." Abaya v. Spanish Ranch I, L.P., (2010) 189 Cal. App. 4th 1490, 1496-1498 [affirming denial of defendant's motion to compel arbitration]. Courts are empowered, and have discretion, to avoid these situations by denying motions to compel arbitration. Acquire II, Ltd. v. Colton Real Est. Grp., (2013) 213 Cal. App. 4th 959, 979. Eliminating the possibility of conflicting findings is an important purpose of the California Arbitration Act (Id. at 978) to which the Motion itself cites. For these reasons, the court should exercise its discretion and deny Defendant's motion as to all claims at this time.

## 3. Under the EFAA, Defendant Must First Dismiss the Sexual Harassment and Sexual Assault Claims Prior to Moving to Compel the Case to Arbitration.

Instead of compelling some claims to arbitration, which is unworkable for multiple reasons, Defendant must first have Plaintiff's sexual harassment claims dismissed. The proper procedure to compel a case to arbitration under the EFAA is to have the sexual harassment and/or sexual assault claims first dismissed by the court, and then move to compel the remaining claims to arbitration. Yost v. Everyrealm, Inc., (S.D.N.Y. 2023) 657 F. Supp. 3d 563, 587.

Here in California, the Turner court agreed with this approach. "The EFAA, in contrast to the FAA, demonstrates **Congress's preference that plaintiffs alleging sexual harassment be**

6

**permitted to be heard in court** and not be compelled to arbitration." <u>Turner v. Tesla, Inc.</u>, (N.D. Cal. 2023), 686 F. Supp. 3d 917, 925. As such, the trial court must first make finding, *on the merits,* of Plaintiff's sexual harassment and sexual assault claims before compelling any part of this case to arbitration. If Defendants insist on trying to move this case to arbitration, the court must first make a finding on the merits of all claims related to the alleged sexual harassment and/or sexual assault. Plaintiff contends, as supported by <u>Turner</u>, that this means all nine causes of action listed in the FAC must be determined on the merits. As such, this motion to compel is premature, and Defendants should instead bring a motion to dismiss, motion for judgment on the pleadings, motion for summary judgment, etc. and obtain a finding on the merits of all claims that the court determines are related to Plaintiff's sexual harassment claims, prior to compelling any of the case to arbitration. Therefore, Plaintiff requests the court deny the Defendants' motion to compel arbitration without prejudice.

**C. <u>There Is No Contract to Arbitrate Between the Parties; The Arbitration Agreement States the Agreement to Arbitrate is Between Plaintiff and EPAM Systems Inc., Not Plaintiff and Defendant Eric Bogner.</u>**

There is no contract to arbitrate between Plaintiff and Defendant Bogner, as Defendant Bogner is not a party to the alleged agreement. Indeed, the alleged arbitration agreement was between Plaintiff and Defendant EPAM, ***not*** Defendant Bogner. **Nowhere in the agreement does it mention Defendant Bogner.** When evaluating an arbitration agreement, the Court must look to the ordinary contract law of the state. <u>Mitchell v. American Fair Credit Ass'n, Inc.</u>, (2002) 99 Cal. App. 4th 1345, 155-56. Hence, absent a clear agreement to submit disputes to arbitration, courts will not infer that the right to a jury trial has been waived. <u>Titan Group, Inc. v. Sonoma Valley County Sanitation Dist.</u> (1985) 164 Cal. App. 3d 1122, 1128. The refusal to compel arbitration is appropriate where a party to the arbitration agreement is involved in a pending action with third parties on claims arising out of the same transaction or series of related transactions, creating the possibility of conflicting rulings on common issues of fact or law. <u>C.C.P.</u> § 1281.2(c). Further, an arbitration agreement fails if the agreement does not identify "with which entity or entities Plaintiff has agreed to" arbitrate. <u>Flores v. Nature's Best Distribution, LLC</u> (2016) 7 Cal. App. 5th 1, 291.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' PETITION TO COMPEL ARBITRATION AND TO STAY PROCEEDING**

Further, state law applicable to contracts generally governs whether a valid agreement to arbitrate exists. See Perry v. Thomas (1987) 482 U.S. 483, 492. Defendant Bogner did not sign the alleged arbitration agreement on his own behalf. See C.C.P. § 1281.2; See Lazarus v. Titmus, (1998) 64 Cal. App. 4th 1242. In Matthau v. Superior Court, the Court held that **nonsignatories to an arbitration agreement were not bound by it**. Matthau v. Superior Court, (2007) 151 Cal. App. 4th 593.

**In this case, the main individual defendant, Defendant Bogner, is not a party to the alleged arbitration agreement.** (See Moving Papers, Dinitz Decl., Ex. 1). The first page of the alleged agreement to arbitrate specifically states "Employment Covenants Agreement" at the very top. (Id.) Further, on the very first paragraph of the alleged agreement, it states that the "Employee Agreement" is entered between EPAM Systems Inc., and Plaintiff. (Id.) As such, the alleged arbitration agreement was between Defendant EPAM and Plaintiff, not between Defendant Bogner and Plaintiff. (Id.) Therefore, Defendant Bogner was not a signatory to the alleged arbitration agreement and should not be parties to it. (Id.) Plaintiff could not have understood that the alleged arbitration agreement would be extended to between herself and Defendant Bogner, when the agreement's plain language makes no reference to Defendant Bogner. (Plaintiff Decl. ¶ 11). There is no meeting of the minds without mutual consent and, thus, there is no contract between Plaintiff and Defendant Bogner to arbitrate disputes between them.

**D. Armendariz's Requirements Are Mandatory and Defendants' Alleged Arbitration Agreement Does Not Comply with Them.**

To be enforceable, an arbitration agreement that applies to an employee's rights must satisfy the Armendariz requirements as set forth by our California Supreme Court. Armendariz, 24 Cal. 4th at 110-11. It must provide for: (1) a neutral arbitrator, (2) adequate discovery, (3) a written award for limited judicial review, (4) all types of relief that would otherwise be available in court, and (5) no additional costs for the employee beyond what the employee would incur if he or she were bringing the claim in court. Baxter v. Genworth North America Corp. (2017) 16 Cal. App. 5th 713, 722; Fitz v. NCR Corp. (2004) 118 Cal. App. 4th 702, 712-13. Here, the purported agreement violates *at least three* out of five of the Armendariz requirements.

**1. The Presence of a Repeat Player Demonstrates that an Arbitrator Will Not Be Neutral, But Rather Would Be Unfairly Biased In Favor of Defendants.**

8

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' PETITION TO COMPEL ARBITRATION AND TO STAY PROCEEDING**

Armendariz makes clear that the neutral arbitrator requirement is "**essential to ensuring the integrity of the arbitration process**." Armendariz v. Foundation , 24 Cal. 4th 83, 103. The integrity of the arbitration process can be questioned when an arbitration agreement indicates a "Repeat Player," as the Court highlighted in Mercuro v. Superior Court, (2002) 96 Cal. App. 4th 167, stating as follows:

> "The fact an employer repeatedly appears before the same group of arbitrators convey distinct advantages over the individual employee. These advantages include knowledge of the arbitrator's temperaments, procedural preferences, styles and the like and the arbitrator's cultivation of further business by taking a "split the difference" approach to damages. . . Therefore, the weaker party's participation in the selection of the arbitrator, which is sometimes available under the statute, does not arise under the Countrywide agreement." Id. at 178-79.

In the present case, Defendant EPAM has directly limited its agreement to Alternative Dispute Resolution ("ADR"), which likely means the same group of employment arbitrators have been frequently working to arbitrate Defendant EPAM's employment cases and opening the door for bias in favor of Defendant EPAM. As such, by limiting the agreement to ADR, Plaintiff is placed at a disadvantage and calls into question the integrity of the arbitration process, which as stated in Armendariz, is essential. Thus, the presence of Repeat Player indicates the agreement fails for lack of neutral arbitrator.

**2. The Arbitration Agreement Does Not Allow for Meaningful Discovery.**

The arbitration agreement contains a vague "right to conduct adequate civil discovery" clause but relies entirely on the arbitrator to allow that discovery. These limitations unfairly favor Defendants. "Case authority holds these kinds of provisions are not unconscionable because we should not presume the arbitrator will extend the deadline or allow more witnesses if necessary." Murrey v. Superior Ct., (2023) 87 Cal. App. 5th 1223, 1253, quoting Baxter v. Genworth North America Corp. (2017) 16 Cal. App. 5th at 735-736. In this scenario, "it is highly foreseeable there will be delays and additional expenses while sorting out whether [plaintiff] can have additional time and/or witnesses." Id.

In this case, Plaintiff in good faith estimates that at least fifteen (15) depositions will be necessary to fairly resolve this case. (King Decl. ¶ 6). Given that the Complaint alleges fifteen (9) causes of action against one corporate Defendant and one individual Defendant, the discovery

9

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' PETITION TO COMPEL ARBITRATION AND TO STAY PROCEEDING**

rules used by this Arbitration Agreement are insufficient. (Id.) Since the discovery rules in this agreement do not allow Plaintiff the ability to fairly vindicate her rights, the agreement is substantively unconscionable under Armendariz and Murrey, *supra*.

### 3.  The Alleged Arbitration Agreement Forces Plaintiff to Pay Costs

Further, the alleged arbitration agreement violates Armendariz by forcing Plaintiff to pay additional costs unique to arbitration. Specifically, the agreement requires Plaintiff to pay the arbitration filing fees, stating, "*The EPAM Group will pay the arbitrator's fees and arbitration expenses and any other costs unique to the arbitration hearing except for the filing fee if a claim is initiated by you....*" (See Moving Papers, Dinitz Decl., Ex. 1). As this provision forces Plaintiff to pay the arbitration filing fee, Armendariz is violated, and the Agreement is unconscionable and unenforceable.

### E.  Defendants' Alleged Arbitration Agreement is Unconscionable and Unenforceable.

While there is a state and federal policy that favors arbitration, arbitration agreements are not always valid. The alleged arbitration agreement is unenforceable as it is procedurally and substantively unconscionable. In assessing whether an arbitration agreement or clause is enforceable, the Court "should apply ordinary state-law principles that govern the formation of contracts. Davis v. O'Melveny & Myers (9th Cir. 2007) 485 F.3d 1066, 1072 (quoting Circuit City Stores, Inc. v. Adams (9th Cir. 2002) 279 F.3d 889, 892.) Under California law, a contractual clause is unenforceable if it is both procedurally and substantively unconscionable. Armendariz 24 Cal.4th at 102.

A judge must find that a contractual arbitration provision is both procedurally and substantively unconscionable for the provision to be deemed unenforceable, although they need not be present in the same degree. (Baltazar v Forever 21, Inc. (2016) 62 Cal. 4th 1237, 1243; Sonic-Calabasas A, Inc. v Moreno (2013) 57 C4th 1109, 1133; Baxter v Genworth North America Corp. (2017) 16 CA5th 713, 721.) The required findings may be made using a sliding scale, i.e., the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to conclude that the term is unenforceable, and vice versa. (OTO, L.L.C. v Kho (2019) 8 Cal. 5th 111, 125–126; Pinnacle Museum Tower Ass'n

10

v Pinnacle Mkt. Dev. (US), LLC (2012) 55 Cal.4th 223, 246–247.) The burden is on the party challenging an arbitration agreement to prove both procedural and substantive unconscionability. (OTO, supra, 8 Cal. 5th at 126.) When this party shows a minimal degree of procedural unconscionability, the party must make a strong showing of substantive unconscionability to render the arbitration provision unenforceable. Serafin, supra, 235 Cal.4th at 177–178, 180–181; Carmona v Lincoln Millennium Car Wash, Inc. (2014) 226 Cal. 4th 74, 85 [holding in light of high degree of procedural unconscionability, even low degree of substantive unconscionability could render arbitration agreement unconscionable].)

### 1. The Alleged Arbitration Agreement is an Adhesion Contract, and Thus, Procedurally Unconscionable.

An analysis of procedural unconscionability begins with an inquiry into whether the agreement is an adhesion contract. (OTO, 8 Cal. 5th at 126.) An arbitration provision is an adhesion contract if it is contained in a standardized form drafted and imposed by a defendant with superior bargaining strength, leaving the plaintiff with only the option of adhering to the contract or rejecting it. Id.; Laymon v. J. Rockcliff, Inc. (2017) 12 Cal. 5th 812, 824 (holding arbitration clause required each party to indicate party's acceptance by initialing clause, which did not become part of agreement in absence of acceptance, was not an adhesion contract); Magno v The College Network, Inc. (2016) 1 Cal. 5th 277, 286 (holding procedural unconscionability existed based on evidence Plaintiffs were young and rushed through the signing process, had no ability to negotiate, did not see the arbitration language "buried on the back page of the preprinted carbon paper forms," and did not separately initial the arbitration clause). An arbitration provision that is voluntary is not adhesive. (Laymon, supra, 12 Cal. 5th at 824.)

Subsequently, "[T]he adhesive nature of the contract is sufficient to establish some degree of procedural unconscionability." (Ramirez v. Charter Communications, Inc., (2022) 75 Cal.App.5th 365, 373 (citing Sanchez v. Valencia Holding Co., LLC (2015) 61 Cal. 4th 899, 915)) (see also Alvarez v. Altamed Health Services Corp. (2021) 60 Cal. App. 5th 572, 591 stating "adhesion alone is a fairly low level of procedural unconscionability"). An arbitration agreement that is an adhesion contract does not render it automatically

PLAINTIFF'S OPPOSITION TO DEFENDANTS' PETITION TO COMPEL ARBITRATION AND TO STAY PROCEEDING

unenforceable as unconscionable, but it provides the beginning of the analysis towards unenforceability. Ramirez, 75 Cal. App. 5th at 373.

In this case, the alleged arbitration agreement is an adhesion contract. Similar to Magno, Plaintiff was rushed through the signing process with zero ability to negotiate the agreement. (Plaintiff's Decl. ¶ 13). Defendants did not ask Plaintiff what her thoughts are on the agreement, if Plaintiff had any proposed changes to the agreement, or if Plaintiff had any concerns or questions. (Id.) In fact, Defendants told Plaintiff that she needs to sign the entire employment contract, that included the arbitration provision, as a condition of her employment. (Id.) With bills to pay, Plaintiff truly felt she had no other option but to sign this agreement. (Id. at ¶ 14) Plaintiff was very worried that if she did not sign the agreement EPAM would revoke her employment, and she would therefore be unable to provide for herself. (Id.) Therefore, the Arbitration Agreement is an adhesion contract and is thus procedurally unconscionable.

> ## 2. The Alleged Arbitration Agreement Fails As It Does Not Contain an Opt-Out Provision, Further Evidencing the Alleged Arbitration Agreement is Substantively Unconscionable.

Further demonstrating unconscionability and therefore unenforceability of the agreement, the alleged arbitration agreement does not contain an opt-out clause. In Murphy v. Check 'N' Go of California, Inc. (2007) 156 Cal. App. 4th 138, 144-45, the court held the arbitration agreement procedurally unconscionable. The agreement came to the employee's office as part of its interoffice mail, the terms were never explained to her, and she was never told the agreement was optional or negotiable. Id. Thus, she reasonably expected she was required to sign the agreement as a condition of continued employment. Id. The employer submitted no contrary evidence. Id. In Gentry v. Superior Court (2007) 42 Cal. 4th 443, the California Supreme Court addressed an opt-out provision. The court found "some degree of procedural unconscionability" sufficient to make the agreement "not immune from judicial scrutiny" concerning substantive unconscionability because of the following factors: (1) the explanation of the benefits of arbitration in the employee handbook was "markedly one-sided" and (2) employees probably felt some pressure not to opt out because the employer

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' PETITION TO COMPEL ARBITRATION AND TO STAY PROCEEDING**

showed its clear preference that the employee not opt out. Id. Swain v. LaserAway Medical Group, Inc. (2020) 57 Cal. App. 5th 59, 68-69.

Here, the alleged arbitration agreement in question does not contain an opt out provision. (See Moving Papers, Dinitz., Ex 1). Similar to Gentry, as Defendant EPAM showed clear preference that Plaintiff not opt out of signing the agreement. Although EPAM did not specifically tell Plaintiff, "If you don't sign the agreement, you will not get hired," they put heavy pressure on Plaintiff to sign the arbitration agreement. (Plaintiff's Decl. ¶ 15). For example, EPAM told Plaintiff that her employment will begin once she signs her employment contract. (Id.) As such, since the alleged arbitration agreement has no opt-out provision, it is procedurally unconscionable.

**F. The FAA Does Not Apply to The Alleged Arbitration Agreement; Defendants Do Not Meet Their Burden Showing Plaintiff's Employment Contract Dealt with Interstate Commerce.**

Although Defendants contend the Federal Arbitration Act ("FAA") mandates Plaintiff's claims go to arbitration, Defendants state so assuming their alleged arbitration agreement is conscionable. The central or primary purpose of the FAA is to ensure that private agreements to arbitrate are enforced according to their terms. 9 U.S.C.A. § 1 et seq.; See Stolt-Nielsen S.A. v. AnimalFeeds International Corp., (2010) 559 U.S. 662. The FAA does not apply until the existence of an enforceable arbitration agreement is established under state law principles involving formation, revocation and enforcement of contracts generally. Platt Pacific, Inc. v. Andelson, (1993) 6 Cal. 4th 307, 313.

The FAA provides for enforcement of arbitration provision in a contract "evidencing a transaction involving commerce." 9 USC §2; see Rent-A-Center West, Inc. v. Jackson (2010) 561 US 63, 67; Rogers v. Royal Caribbean Cruise Line (9th Cir. 2008) 547 F.3d 1148, 1153-1154, emphasis added. The party asserting FAA has the burden to show it applies "by presenting evidence establishing the contract with the arbitration provision has a substantial relationship to interstate commerce." Carbajal v. CWPSC, Inc. (2016) 245 Cal. App. 4th 227, 234. In Hoover v. American Income Life Ins. Co. (2012) 206 Cal. App. 4th 1193, 1207-1208, an insurance sales agent's employment agreement did not involve interstate commerce even though Plaintiff worked in California and American Life Insurance was based in Texas, and

13

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' PETITION TO COMPEL ARBITRATION AND TO STAY PROCEEDING**

was thus not subjected to the FAA where there was no evidence that her employment relationship had a specific effect or "bear[ing] on interstate commerce in a substantial way," and she did not work in other states or engage in multimillion-dollar loan activities that affected interstate commerce.

Here, Defendants do not offer any evidence that Plaintiff's employment contract has a substantial relationship to interstate commerce. Defendants in their moving papers attempt to argue that Plaintiff's employment contract had a substantial relationship with interstate commerce because Plaintiff's direct supervisor worked in Massachusetts. (See Moving Papers). However, Defendants fail to identify how Plaintiff's employment related to interstate commerce, let alone had a substantial relationship with it. Indeed, Plaintiff worked in Northern California from her home in Santa Rosa. (Plaintiff Decl. ⁋ 12). Therefore, the FAA is inapplicable in this case.

**G. This Court Should Find the Entire Alleged Arbitration Agreement Unenforceable and Not Sever the Unconscionable Provisions Due to Defendants; Bad Faith Intent to Enforce Provisions Which Run Contrary to the Law.**

In Armendariz, the Supreme Court held that more than one unlawful provision in an arbitration agreement weighs against severance. Armendariz, 24 Cal. 4th at 124. The Court stated: "Such multiple defects indicate a systematic effort to impose arbitration on an employee not simply as an alternative to litigation, but as an inferior forum that works to the employer's advantage." Id. Subsequent decisions have refused to apply severance to an agreement that contains more than one unconscionable provision. See, e.g., Fitz, 118 Cal. App. 4th at 726-727; Ferguson, 298 F. 3d at 787-88; Abramson v. Juniper Networks, Inc., (2004) 115 Cal. App. 4th 638; Pokorny, 601 F.3d 987. In Trivedi v. Curexo Tech. Corp., (2010) 189 Cal. App. 4th 387, 398. the court noted that the clauses regarding injunctive relief carve out and attorney fees to the prevailing party were sufficient to make the agreement substantively unconscionable (and that it "did not need" to reach the plaintiff's arguments about the unconscionability of a confidentiality clause or that AAA lacked institutional neutrality). "While the trial court was free to sever the offending provisions, it was not required to do, and [the employer] has not convinced us on appeal that the court abused its discretion." Id.

14

Further, in <u>Armendariz</u>, the California Supreme Court identified two policy reasons for severing objectionable terms including (1) "conserv[ing] the contractual relationship," and (2) "prevent[ing] parties from gaining undeserved benefit or suffering undeserved detriment as a result of voiding the entire agreement." <u>Id</u>. at 123-24. The first policy is inapplicable where the contractual relationship has already ended. <u>Abramson</u>, 115 Cal. App. 4th at 667 ("[N]ow that the parties employment relationship has ended . . . there obviously is no contractual relationship to preserve."); <u>Fitz</u>, 118 Cal. App. 4th at 727. In <u>Abramson</u>, the court concluded that severing the unilateral provisions would have the effect only of forcing the employer to also arbitrate its claims against the employee when, in fact, the employer had no claims to arbitrate. Thus, the court concluded, that "[i]n effect, selective severance would relegate only the employee to the arbitration forum." <u>Id</u>. at 667.

In this case, there is not one, but multiple unconscionable provisions. Severing that many provisions would in effect rewrite the alleged arbitration agreement, undoubtedly to which Plaintiff would not have mutually assented. Since the contractual relationship has ended between Plaintiff and Defendants, there is no policy reason for conservation. Moreover, severing such a large number of unconscionable provisions would amount to benefiting only the Defendants since they will get what they inadequately attempted to contract for. Thus, there is a strong policy rationale form <u>Armendariz</u> and <u>Abramson</u> that Defendants should not be the recipient of an undeserved benefit. As stated in <u>Domestic Linen Supply Co., Inc. v. LJT Flowers, Inc.</u> (2020) 58 Cal. App. 5th 180. 185, there is a constitutional right to a trial by jury and that right is and should be zealously guarded by the courts. (*Citing* Cal. Const., art. I, § 16.; Titan, 164 Cal. App. 3d at 1127-1128). In case of doubt, the issue should be resolved in favor of the right to a trial by jury. <u>Id</u>. Here, because the alleged arbitration agreement is riddled with unconscionability, there is tremendous doubt as to the enforcement of the agreement. Therefore, that doubt should be resolved by a jury.

///

///

///

///

15

## IV.    CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Honorable Court deny Defendant's Petition to Compel Arbitration in its entirety.

DATED: January 17, 2025                    **REISNER & KING LLP**


                                    By:  ___/s/_*Tessa King*_____
                                          TESSA KING, ESQ.

16

# PROOF OF SERVICE

## UNITED STATES DICTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

I am employed in the county of Los Angeles, State of California; I am over the age of 18 years and not a party to the within action; my business address is 15303 Ventura Boulevard, Suite 1260, Sherman Oaks, California 91403.

On **January 17, 2025**, I served true copies of the following document(s) described as: **PLAINTIFF'S OPPOSITION TO DEFENDANTS' PETITION TO COMPEL ARBITRATION AND TO STAY PROCEEDING** on the interested parties in this action delivering it to the person (s) indicated below in the manner as provided in FRCivP 5(b) as indicated below:

Ryan McCoy, Esq.
Mel M.C. Cole
**SEYFARTH SHAW LLP**
560 Mission Street, 31st Floor
San Francisco, CA 94105
***Attorneys for Defendant EPAM Systems Inc.***

   **X**   **ELECTRONICALLY:** by using the Court's ECF/CM System.

   **X**   **(FEDERAL) I declare under the penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.**

Executed on **January 17, 2025**, at Sherman Oaks, California.

/s/ Jose Garcia
**Jose Garcia**